

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~XASSIXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 3, 1939

Messrs. Shivers & Keith
Attorneys for Jefferson County Water
     Control & Improvement District No.1
Adams Building
Port Arthur, Texas

Attention:  Mr. Allan Shivers

Opinion No. O-463
Re:  Authority of a Water Control and
     Improvement District to pledge net
     Revenues and give a legal first
     mortgage upon such system as addi-
     tional security to secure the pay-
     ment of tax bonds issued thereon

Gentlemen:

In your letter of March 8, addressed to the Attorney General, you request an opinion covering the following questions:

1.  Can the District, without additional authorization from the qualified voters, legally pledge the net revenues of the water system for the payment of bonds so authorized?

2.  Can the Board of Directors legally create a binding first mortgage lien upon the water system to secure the payment of the tax bonds authorized for the construction of the water and sewer system?

In accordance with the provisions of Article 4399, requiring this office to advise relative the proper issuance of bonds, the following opinion has been prepared:

As stated in your letter, the facts are as follows -

On September 2, 1938, the qualified taxpaying voters of the Jefferson Water Control and Improvement District No. 1 voted bonds aggregating $255,000 and authorized the levying of a tax to pay the principal and interest thereon as it

matured; that you are now negotiating a loan from the Reconstruction Finance Corporation for the purchase of the bonds to supplement a W.P.A. grant, and that the bonds to be authorized and pledged against this loan from the R.F.C. are in the sum of $195,000. The legal counsel for the R.F.C. has suggested that additional security might be offered by the pledging of net revenues of the project and also that a first mortgage upon the system might also be given.

Article 7880-147u, Sec.3, Revised Civil Statutes of Texas, provides that the Board of Directors of any water control and improvement district may assess and collect charges for maintenance and operation of the facilities of any such district and such proceeds when collected should be paid into the maintenance fund required in Section 103 of Chapter 25, General Laws of the Thirty-ninth Legislature, Regular Session of 1925. It further provides that all or a part of said maintenance fund may be irrevocably pledged as additional security for the payment of the principal or interest on all bonds of any such district so issued and sold to the Government of the United States or to any lending agency mentioned in Section 1 of the Act, or on all bonds of such district pledged as collateral to secure payment of any loan made by said Government or agency thereof to any such district, as such bonds become due and payable, and moneys of said maintenance fund so pledged shall accordingly be used for maintenance and operation when and only when the principal of and interest on the bonds due on all preceding semi-annual interest payment dates shall have been paid in full and when the collection of taxes for the interest and sinking fund account, reasonably and prudently to be anticipated by the board of directors of any such district, will be sufficient to pay principal of and interest on the bonds becoming due on the semi-annual interest payment date next succeeding. Provided, nevertheless, that when moneys of the maintenance fund are so used to prevent or to cure defaults in the payment of the principal of or interest on the bonds, the amount so used shall be repaid into said maintenance fund from the first available proceeds of the taxes levied pursuant to Section 2 of this Act.

Subsequent to the enactment of this statute it was determined that such districts were without specific statutory authority to pledge net revenues as security for bonds pursuant to the provisions of that article, and at the Third Called Session of the same Legislature Article 7880-90a was enacted to enable such districts to legally pledge the net revenues as additional security for general obligation bonds issued and sold. It also defines net revenues and enumerates the manner in which such pledges could be accomplished, and

provided that whichever method was adopted should be first submitted to the qualified voters of such district for approval thereof. The caption of this bill, which was enacted September 26, 1934, by the Forty-third Legislature, Third Called Session, recorded in General and Special Laws of that session, at page 56, Chapter 32, Section 1, states -

"An Act amending Chapter 25 of the Acts of the 39th Legislature, Regular Session, adding thereto a section to be 'Section 90a,' and, in substance to provide: That certain water control and improvement districts (in addition to, or in lieu of, securing their bonds by the levy and collection of taxes, as now provided), may enter into contracts pledging their net revenues for security of their bonds; and, providing that, in case the district's obligations are secured both by taxation and the pledge of revenues, to compensate the net revenues available to protect the maturities of the district's obligations. Defining 'net revenues'; and, requiring an election for authorization for exercising the powers hereby granted; also, fixing the proposition to be voted on at any such election. Stating the facts constituting an imperative public necessity (to enable such districts promptly to procure loans from the Federal Administration of Public Works, or other advantageous sources, thereby aiding to relieve unemployment) and declaring an emergency."

The foregoing Act is not applicable to your district under the facts stated, inasmuch as you are negotiating a loan with the Federal Government, or a lending agency thereof which brings your case within the purview of the Acts of the Forty-fourth Legislature, 1936, Third Called Session, page 2092, Chapter 501, Section 1, wherein Section 1 of the Acts of 1934, Forty-third Legislature, Second Called Session, page 10, Chapter 4, was amended. The amendment expressly authorized the Board of Directors of any water control and improvement district in this State to borrow money and to receive grants and other aid from the Government of the United States, the Federal Emergency Administration of Public Works, the Reconstruction Finance Corporation, the Federal Reserve Banks, and any other agencies of the Government of the United States, and which loans or grants may be made on such terms and in such amounts as may be agreed upon between the Board of Directors of such districts and the United States Government, or any lending agency thereof.

In our opinion this law authorizes the pledging of the "net revenues" by the Board of Directors of the Jefferson Water Control and Improvement District as additional security for the previously voted tax supported bonds without the necessity of another election. Any plan of financing other than that specified in the Act above quoted would require the submission of such further pledging of security to the qualified voters of such district, as provided in Article 7880-90a of the Revised Civil Statutes of 1925.

It is also our opinion that a first mortgage cannot be given on the improvements within such districts. The statutes specifically authorize the pledging of certain revenues and ad valorem taxes to the payment of bonds issued by such districts, but have failed to provide for the mortgaging of the physical improvements therein. Under the well established rule of law that wherein a law fails to name matters germane to the subject, it is presumed that the intention was to exclude such unnamed matters. Hence, we conclude that the Legislature did not intend that such districts should have the right to give a first mortgage on its improvements.

Assuring you of this department's continued cooperation, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    Clarence E. Crowe
                    Assistant

CEC:s:bt

Approved:

_____

cc Mr. Edward Edelman, Counsel
   Reconstruction Finance Corporation
   Washington, D.C.